**IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARC HEADLEY,<br><br>Plaintiff,<br><br>vs.<br><br>CHURCH OF SCIENTOLOGY,<br><br>Defendant | Case No: CV-09-03986 MANx |

**MOTION TO QUASH SUBPOENA DUCES TECUM SERVED BY DEFENDANT ON WILLIAM G. COWNIE AND FOR SANCTIONS AGAINST DEFENDANT**

Comes now William G. Cownie and pursuant to Federal Rule of Civil Procedure 45©(3)(A) and moves the Court for an order quashing the subpoena duces tecum served on him by Defendant because it requires the disclosure of privileged docouments and imposes an undue burden on movant. Additionally, pursuant to Federal Rule of Civil Procedure 45© William G. Cownie moves for sanctions in the form of his lost earnings spent responding to this subpoena duces tecum amounting to five hours of time or $1250. In support of this Motion William G. Cownie states as follows:

1. Plaintiff has filed a claim for forced labor and underpayment of wages against Defendant in California state court. The Defendant removed this case to Federal Court after Plaintiff added some additional theories of legal liability based upon the presence of a federal question.

2. On or about January 4, 2010, Defendant had a subpoena duces tecum served on William G. Cownie. This was William G. Cownie's first

notice of the current case.

3. William G. Cownie is not a party to this action. William G. Cownie is a licensed attorney located in a suburb of Kansas City, Mo.

4. A copy of Defendant's subpoena duces tecum that was served is attached to this Motion as Exhibit A.

5. Defendant's subpoena duces tecum demanded that certain documents be produced in Los Angles, California on sixteen calendar days notice. Specifically, Defendant demanded that an attorney produce the following documents: all non-privileged documents (that phrase was not defined), including but not limited to: deposition transcripts, sworn statements, expert reports, interrogatory answers or any settlement agreements for a case filed in the Circuit Court of Jackson County, MO bearing case number 0716-CV13253.

6. Missouri state courts use a "flat filing system". This system is similar to the Federal system in that discovery is not filed in the court file. Instead of filing the discovery with the court, a certificate of service is filed with the clerk of the court.

7. Missouri state courts records are accessible over the internet. A copy of the docket sheet for Missouri case number 0716-CV13253 is attached as Exhibit B. A quick review of Exhibit B will reveal that **no discovery was conducted in this case and that another client in addition to Marc Headley was represented.** The internet address for Missouri's court

records is listed a the bottom of Exhibit B.

8. A third plaintiff was involved in the same incident as Mr. Headley and her separate case was filed before Mr. Headley's and significant discovery did take place.

9. Pursuant to F.R.C.P. 45©(B) William G. Cownie filed an objection to the subpoena duces tecum. A copy of that objection is attached as Exhibit C. In this objection William G. Cownie asserted the attorney-client privilege for not just Mr. Headley but the other two Plaintiffs in the Missouri state court case.

10. In attached Exhibit D, Defendant rejected this objection and threatened further action to enforce the subpoena duces tecum.

11. In attached Exhibit E, William G. Cownie asked Defendant's attorney for any legal authority he could cite that would show that it was **a violation of all three Missouri Plaintiffs' attorney client privileges to produce these records.** This email was sent on 1/18/10 and so far no response has been received. Due to the time constraints imposed by Defendant's subpoena duces tecum, filing of this Motion could not be delayed.

12. As one might anticipate, all three of these clients have a right to expect that a file maintained for them by their attorney will be kept confidential. None of them have consented to the release of these records and none are "excited" about the idea of their confidential client records being shared with the Church of Scientology.

13. Since a federal question is involved, Federal Courts look to Federal Rule 501 which provides that the privilege of a witness shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. See also, Tennenbaum v. Deloitte & Touch, 77 F.3d 337 (Ninth Circuit 1996).

14. F.R.C.P. 45© provides that the Court must take steps to protect witnesses subjected to a subpoena duces tecum from undue burden and expense, if the party issuing the subpoena fails to do so .

Defendant has not tendered a witness fee check in any amount to pay William G. Cownie to prepare a privilege log or in any other way respond to the subpoena duces tecum.

Wherefore, for the reasons set forth above, Defendant moves this Court for an order order quashing the subpoena duces tecum served on him by Defendant because it requires disclosure of privileged docouments and imposes and undue burden on movant. Additionally, pursuant to Federal Rule of Civil Procedure 45© William G. Cownie moves for sanctions in the form of his lost earnings spent responding to this subpoena duces tecum amounting to five hours of time or $1250.

Respectfully Submitted,

WILLIAM G. COWNIE #32368
684 SE BAYBERRY LANE SUITE 101
PO BOX 1276
LEES SUMMIT, MO 64063
(816) 525-9200
(816) 525-5518 FAX
ATTORNEY FOR MOVANT

## CERTIFICATE OF SERVICE

I hereby certify that William G. Cownie's Motion to Quash Subpoena Duces Tecum served by Defendant on William G. Cownie and For Sanctions Against Defendant was sent via electronic mail on this 20th day of January, 2010 to:

Barry Van Sickle, Attorney for Plaintiff, barryvansickle@comcast.net;
Harold Brody, Attorney for Defendant, hbrody@proskauer.com;
George Cleaver, Attorney for Defendant, scleaver@proskauer.com;
Eric Lieberman, Attorney for Defendant, elieberman@rbskl.com;
Kendrick Moxon, Attorney for Defendant, kmoxon@earthlink.net;
Anthony Oncidi, Attorney for Defendant, aoncidi@proskauer.com;
Allan Cartwright, Attorney for Defendant, allancartwright@yahoo.com;
Amy Hill Lerner, Attorney for Defendant, akl@jmbm.com;
Alexander Grodan, Attorney for Defendant, agrodan@proskauer.com; and
Mark Marmaro, Attorney for Defendant, mm@jmbm.com;

Respectfully Submitted,

/s/ William G. Cownie
William G Cownie #32368
684 SE Bayberry Ln., Ste 101
PO Box 1276
Lees Summit MO 64063
816-525-9200
816-525-5518 (Fax)
LSLAW@KCNET.COM
Movant

# UNITED STATES DISTRICT COURT

for the

Western District of Missouri

Marc Headley
*Plaintiff*
v.
Church of Scientology International, et al.
*Defendant*

Civil Action No. CV 09-03986 DSF (MANx)

(If the action is pending in another district, state where: Central District of California )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: William G. Cownie, 684 SE Bayberry Ln., Ste. 101, PO Box 1276, Lee's Summit, MO 64063

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: PROSKAUER ROSE LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067 (Attn: Harold M. Brody) | Date and Time: 01/20/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/17/2009

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

George Samuel Cleaver
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Church of Scientology International, who issues or requests this subpoena, are:

George Samuel Cleaver, scleaver@proskauer.com, Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067, (310) 557-2900

EXHIBIT A

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1. As used herein, the term "DOCUMENT," in addition to the definitions provided in Rule 34 of the Federal Rules of Civil Procedure, which are expressly incorporated herein, refers to the original, all copies and drafts of e-mail (in electronic or printed form), data stored in a computer or on a computer disk, tape or other component, writings, papers, printed or graphic material of any kind, including, without limitation, court papers, employment records, financial records, log books, memoranda, reports, notes, messages (including reports, notes and memoranda of telephone conversations and conferences), tape recordings, film, and/or audio or video recordings of any type, computer disks and copies of all newspapers and calendar or diary entries. Designated documents are to be taken as including all attachments, enclosures, and other documents that relate or refer to such designated documents. Electronically stored information must be produced in the format described in Federal Rules of Civil Procedure, Rule 45(d).

## INSTRUCTIONS

1. In producing documents, you are requested to furnish all documents known or available to you regardless of whether the documents are possessed: directly by you, your agents, employees, representatives, or investigators; by your present or former attorneys, their agents, employees, representatives or investigators; or by any other legal entities controlled by or in any manner affiliated with you.

2. If any documents cannot be produced in full, produce to the extent possible, specifying the reason(s) for the inability to produce the remainder.

3. Unless otherwise specified, the production of the documents called for by this Document Request covers the period from January 1, 2005 to the date of entry of a final judgment in this action.

5. If any document is claimed to be immune from discovery on the grounds of privilege, provide the following information with respect to each such document:

a. Type of document (e.g., letter, memoranda, etc.);

b. Name of the author or preparer;

c. Name of recipient;

d. Date of recording or preparation;

e. Description of the subject matter and content of the document sufficient to identify it; and

f. The reason for the claim of privilege.

6. If any document is produced in redacted form, that portion of the document which is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the document in redacted form.

## DOCUMENTS DEMANDED

1. Any and all non-privileged DOCUMENTS evidencing or related to the litigation entitled *Marc & Claire Headley v. Allegiance Security and Patrol, Inc.*, which was filed on or about May 21, 2007 in the Circuit Court of Jackson Country, Missouri, bearing Case No. 0716-CV13253, including but not limited to deposition transcripts, sworn statements, interrogatory responses or responses to requests for admission, any expert reports or the reports of any healthcare practitioner, and any settlement agreements.



Your Missouri Courts



Search for Cases by: Select Search Meth

Judicial Links | Court Links | Help | Contact Us | Print

16th Judicial Circuit (Jackson County)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnis Exe

## 0716-CV13253 - MARC HEADLEY V ALLEGIANCE

This information is provided as a service and is not considered an official court record.

| Party | | Attorney |
|---|---|---|
| **HEADLEY , MARC , Plaintiff**<br><br>806 E ANGELENO AVE<br>BURBANK, CA 91501 | represented by | **COWNIE , WILLIAM GARRY , Attorney for Plai**<br>PO BOX 1276<br>684 SE BAYBERRY LN, STE 101<br>LEE'S SUMMIT, MO 64063<br>**Business:** (816) 525-9200 |
| **HEADLEY , CLAIRE , Plaintiff**<br><br>806 E ANGELENO AVE<br>BURBANK, CA 91501 | represented by | **COWNIE , WILLIAM GARRY , Attorney for Plai**<br>PO BOX 1276<br>684 SE BAYBERRY LN, STE 101<br>LEE'S SUMMIT, MO 64063<br>**Business:** (816) 525-9200 |
| **ALLEGIANCE SECURITY AND PATROL INC , Defendant**<br>SERVE CORPORATION OFFICER:<br>JASON YOCKEY<br>5132 RINKER RD<br>KANSAS CITY, MO 64129 | | |





Search for Cases by: Select Search Meth

Judicial Links | Court Links | Help | Contact Us | Print

16th Judicial Circuit (Jackson County)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnis Exe

## 0716-CV13253 - MARC HEADLEY V ALLEGIANCE

This information is provided as a service and is not considered an official court record.

Displaying **1** thru **6** of **7** records for **all** dockets returned for case **0716-CV13253**.

**1** 2

**05/21/2007** **Docket Entry:** Pet Filed in Circuit Ct

**05/23/2007** **Docket Entry:** Hearing Scheduled
**Associated Docket Entries:** 07/19/2007 - Hearing Continued/Rescheduled
**Associated Events:** 07/25/2007 , 09:00:00 - Hearing

**05/30/2007** **Docket Entry:** Summons Issued-Associate
**Text:** Document ID: 07-ADSM-9109, for ALLEGIANCE SECURITY AND PATROL INC;

**07/17/2007** **Docket Entry:** Summons Returned Non-Est
**Text:** Document ID - 07-ADSM-9109; Served To - ALLEGIANCE SECURITY AND PATF Server - GUNBIE F. FRANKLIN; Served Date - 15-JUL-07; Served Time - 23:59:0 Type - Civil Process Server; Reason Description - No Answer

**07/19/2007** **Docket Entry:** Hearing Scheduled
**Associated Docket Entries:** 07/31/2007 - Dismissed by Parties WITH PREJUDICE
**Associated Events:** 08/29/2007 , 09:00:00 - Hearing
**Docket Entry:** Hearing Continued/Rescheduled
**Associated Docket Entries:** 05/23/2007 - Hearing Scheduled
**Associated Events:** 07/25/2007 , 09:00:00 - Hearing

Displaying **1** thru **6** of **7** records for **all** dockets returned for case **0716-CV13253**.

**1** 2







Search for Cases by: Select Search Meth

Judicial Links | Court Links | Help | Contact Us | Print

16th Judicial Circuit (Jackson County)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnis Exe

## 0716-CV13253 - MARC HEADLEY V ALLEGIANCE

This information is provided as a service and is not considered an official court record.

Displaying **7** thru **7** of **7** records for **all** dockets returned for case **0716-CV13253**.

1 **2**

| | | |
|---|---|---|
| **07/31/2007** | **Docket Entry:** | Dismissed by Parties |
| | **Text:** | WITH PREJUDICE |
| | **Filing Party:** | HEADLEY , MARC |
| | **Associated Docket Entries:** | 07/19/2007 - Hearing Scheduled |
| | **Associated Events:** | 08/29/2007 , 09:00:00 - Hearing |

Displaying **7** thru **7** of **7** records for **all** dockets returned for case **0716-CV13253**.

1 **2**

## William Cownie

**From:** "William Cownie" <lslaw@kcnet.com>
**To:** <hbrody@proskauer.com>; <scleaver@proskauer.com>; <elieberman@rbskl.com>; <kmoxin@earthlink.net>; <aoncidi@proskauere.com>; <barryvansickle@comcast.net>
**Sent:** Tuesday, January 12, 2010 11:04 AM
**Subject:** Headley v. Church of Scientology International, case number CV09-03986

Mr. Cleaver:

The purpose of this email is to request that you immediately withdraw the subpoena duces tecum that you had served on me on January 4, 2010 for the above-referenced case. If this subpoena is not withdrawn I intend to attach a copy of this email to my motion for sanctions. Alternatively, please allow this email to serve as my "objection" to the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(B).

In this subpoena you commanded a licensed attorney located in a suburb of Kansas City to produce records from a former client's file at your office in Los Angles on January 20, 2010. The first problem with this subpoena is that it violates the "100 mile" rule found in Federal Rule of Civil Procedure 45(b)(2). Clearly this Rule contemplates that if you want to obtain any records or testimony from a person who is neither a party nor a witness in your case, you get the pleasure of traveling to Kansas City. Second, I was served with this subpoena for a four year old closed file on January 4, 2010 and given just sixteen calendar days to comply. In short, I was not given a reasonable time to comply as required by Rule 45(c)(3)(i). Third, and probably most significant this subpoena violates the attorney-client privileges of Mr. Headly, as well as my other former clients who were involved in this incident, under FRE 501 & 502. Fourth, no witness fee or other compensation was tendered with the subpoena duces tecum per Rule 45(c)(1) and 28 USC Section 1821(a)(2) $40/day plus mileage per GSA USC Section 5704. .

In short, I do not intend to voluntarily surrender any of my former clients' records pursuant to this subpoena and will instead seek sanctions if it is not withdrawn.

Law Office of William G Cownie, L.L.C.
684 SE Bayberry Ln., Ste 101
PO Box 1276
Lee's Summit MO 64063
816 525 9200
816 525 5518 (Fax)
LSLAW@KCNET.COM
www.cownielawoffice.com

1. Email is not a completely secure method of communication.
2. Any email between us will be placed in an electronic stream of data serviced by Internet Service Providers (ISP's) and other intermediaries. Hence, any of our emails might be copied and retained for a time by various ISP systems or other parties/ computers in the data stream, and including, if you are writing from work, your employer.
3. Hackers, that is, persons not lawfully participating in this communication, might intercept our communications by improperly accessing your computer, my computer, your employer's computer or some remote computer in the data stream.
4. I am writing you by email because you sent me an email or we have previously communicated by email. If you want future communications to be sent in different medium, let me know promptly.

EXHIBIT C

## Law Office of William G. Cownie

**From:** "Cleaver, Sam" <scleaver@proskauer.com>
**To:** "William Cownie" <lslaw@kcnet.com>
**Cc:** "allan cartwright" <allancartwright@yahoo.com>; "Lerner Hill, Amy" <AKL@JMBM.com>; "Mark Marmaro" <mm@JMBM.com>; "Brody, Harold" <HBrody@proskauer.com>; <elieberman@rbskl.com>; <kmoxin@earthlink.net>; "Oncidi, Anthony J." <aoncidi@proskauer.com>; "Grodan, Alexander" <AGrodan@proskauer.com>
**Sent:** Wednesday, January 13, 2010 6:16 PM
**Subject:** RE: Headley v. Church of Scientology International, case number CV09-03986

Mr. Cownie,

We have received your e-mail objecting to our subpoena for documents related to Marc and Claire Headley's action against Allegiance Security and Patrol, Inc. Your objection that the subpoena was not properly served is invalid. FRCP 45(b)(2)(A) provides that a subpoena may be served at any place "within the district of the issuing court." Since the subpoena issued from the Western District of Missouri, which includes your office, it was properly served. The "100 mile" rule you cite applies to only one of four alternative provisions for proper service set forth in FRCP 45(b)(2). A subpoena is properly served if it complies with any one of the four, which the subpoena to you does since it was issued from the Western District. Your objection that FRCP 45(c)(1) requires you to receive witness fees and mileage is unfounded. FRCP 45(c)(1) does not pertain to witness fees. Assuming you meant to cite FRCP 45(b)(1) your objection is still unfounded. The requirement to pay witness fees and mileage only applies when the subpoena requires the named person's attendance, which is not the case here. The subpoena is for documents only.

While we respect your concerns regarding privileged information, the production request attached to the subpoena clearly states that it pertains only to unprivileged documents. Deposition transcripts, written discovery requests and responses, expert reports, sworn statements, and court filings are all examples of unprivileged documents that we have a right to request and receive. Sixteen days is also more than enough time to recall files from storage, review them, and photocopy any responsive documents. However, if you feel that sixteen days to produce the documents represents an undue burden, we would be willing to discuss a reasonable extension. Similarly, we would be willing to pay the reasonable cost of photocopying and mailing responsive documents even though the FRCP does not require us to do so.

The law is crystal clear that we are entitled to the requested documents and that we will prevail and recover our attorneys' fees if we are forced to bring a motion to compel production. We hope and expect, however, that motion practice will not be necessary. If we do not hear from you, we assume that we will receive the requested documents no later than January 20, 2010. Please feel free to contact me by e-mail or at the telephone number below if you would like to discuss these issues further.

**Sam Cleaver**
**Attorney at Law**

Proskauer
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
d 310.284.4588
f 310.557.2193

EXHIBIT D

scleaver@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** William Cownie [mailto:lslaw@kcnet.com]
**Sent:** Tuesday, January 12, 2010 9:04 AM
**To:** Brody, Harold; Cleaver, Sam; elieberman@rbskl.com; kmoxin@earthlink.net; aoncidi@proskauere.com; barryvansickle@comcast.net
**Subject:** Headley v. Church of Scientology International, case number CV09-03986

Mr. Cleaver:

The purpose of this email is to request that you immediately withdraw the subpoena duces tecum that you had served on me on January 4, 2010 for the above-referenced case. If this subpoena is not withdrawn I intend to attach a copy of this email to my motion for sanctions. Alternatively, please allow this email to serve as my "objection" to the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(B).

In this subpoena you commanded a licensed attorney located in a suburb of Kansas City to produce records from a former client's file at your office in Los Angles on January 20, 2010. The first problem with this subpoena is that it violates the "100 mile" rule found in Federal Rule of Civil Procedure 45(b)(2). Clearly this Rule contemplates that if you want to obtain any records or testimony from a person who is neither a party nor a witness in your case, you get the pleasure of traveling to Kansas City. Second, I was served with this subpoena for a four year old closed file on January 4, 2010 and given just sixteen calendar days to comply. In short, I was not given a reasonable time to comply as required by Rule 45(c)(3)(i). Third, and probably most significant this subpoena violates the attorney-client privileges of Mr. Headly, as well as my other former clients who were involved in this incident, under FRE 501 & 502. Fourth, no witness fee or other compensation was tendered with the subpoena duces tecum per Rule 45(c)(1) and 28 USC Section 1821(a)(2) $40/day plus mileage per GSA USC Section 5704. .

In short, I do not intend to voluntarily surrender any of my former clients' records pursuant to this subpoena and will instead seek sanctions if it is not withdrawn.

Law Office of William G Cownie, L.L.C.
684 SE Bayberry Ln., Ste 101
PO Box 1276
Lee's Summit MO 64063
816 525 9200
816 525 5518 (Fax)
LSLAW@KCNET.COM
www.cownielawoffice.com
1. Email is not a completely secure method of communication.
2. Any email between us will be placed in an electronic stream of data serviced by Internet Service Providers (ISP's) and other intermediaries. Hence, any of our emails might be copied and retained for a time by various ISP systems or other parties/ computers in the data stream, and including, if you are writing from work, your employer.
3. Hackers, that is, persons not lawfully participating in this communication, might intercept our communications by improperly accessing your computer, my computer, your employer's computer or some remote computer in the data stream.
4. I am writing you by email because you sent me an email or we have previously communicated by email. If you want future communications to be sent

in different medium, let me know promptly.

*********************************************************
To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

==============================================================================

## William Cownie

**From:** "William Cownie" <lslaw@kcnet.com>
**To:** <elieberman@rbskl.com>
**Sent:** Monday, January 18, 2010 3:35 PM
**Subject:** Headley v. Church of Scientology

Mr. Cleaver:

I am writing to you about the subpoena duces tecum served on me for the above-referenced case. As you probably have already determined, I represented three clients for the incident in Missouri. Can you give me any legal authority for the proposition that even if Mr. Headley waived his attorney client privilege, that I can give you the documents sought in your client's subpoena duces tecum without violating my other two former clients' attorney client privilege? I should note that to my knowledge Mr. Headley has not waived his attorney-client privilege.

I await your reply.

Law Office of William G Cownie, L.L.C.
684 SE Bayberry Ln., Ste 101
PO Box 1276
Lee's Summit MO 64063
816 525 9200
816 525 5518 (Fax)
LSLAW@KCNET.COM
www.cownielawoffice.com
1. Email is not a completely secure method of communication.
2. Any email between us will be placed in an electronic stream of data serviced by Internet Service Providers (ISP's) and other intermediaries. Hence, any of our emails might be copied and retained for a time by various ISP systems or other parties/ computers in the data stream, and including, if you are writing from work, your employer.
3. Hackers, that is, persons not lawfully participating in this communication, might intercept our communications by improperly accessing your computer, my computer, your employer's computer or some remote computer in the data stream.
4. I am writing you by email because you sent me an email or we have previously communicated by email. If you want future communications to be sent in different medium, let me know promptly.



Exhibit E