**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| WILLIAM G. COWNIE, II ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-MC-09005-W-FJG |
| ) | |
| CHURCH OF SCIENTOLOGY ) | |
| INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On January 21, 2010, the Court held a telephone conference with the parties regarding plaintiff's Motion to Quash the Subpoena Duces Tecum served by defendant on William G. Cownie. On January 29, 2010 the Court denied the Motion to Quash and ordered Mr. Cownie to produce all non-privileged documents requested by defendant related to Case No. 0716-CV13253 filed in the Circuit Court of Jackson County, Missouri as well as all non-privileged documents sought by defendant in the separate case arising from the same incident as described in paragraph eight of plaintiff's Motion to Quash. The Court held that plaintiff would be entitled to reasonable costs in responding to the subpoena, including copying and mailing costs.

On February 10, 2010, plaintiff produced the documents and a privilege log to the defendant. Plaintiff also submitted to defendant an itemized statement seeking $5,218.66 in fees and costs. Defendant responded and requested that plaintiff remove the time expended to file the motion to quash and reduce the copying fees. Plaintiff refused to do so and filed the instant Motion for an Award of Attorney's Fees and Costs in Responding to the Subpoenas. In his initial motion, plaintiff is seeking $6,268.66.

This represents the original 14.75 hours spent, plus an additional 3.0 hours for preparing the Motion for Attorney's Fees, (17.75 hours x $350.00 per hour), plus mailing costs of $17.62 and copying costs of $38.54 (82 pages x .47 per page).  Additionally, in his reply suggestions, plaintiff is seeking an additional two hours of time to research and prepare his reply suggestions, for a grand total of $6,968.66.  In his motion for attorney fees, plaintiff states that the parties have two areas of disagreement: 1) whether he should be allowed to charge for time spent in filing the Motion to Quash and 2) how much plaintiff can charge for copying costs.

   Plaintiff states first that he should be compensated for the time he spent filing the Motion to Quash because he was required to file this Motion by an informal Missouri Ethics Advisory Opinion. The Informal Advisory Opinion relates to whether an attorney can disclose the original copy of a Durable Power of Attorney after the client dies.  The Advisory opinion states that the client did not give his consent then the document is confidential and the attorney may disclose it only if required to do so by a court order.  Plaintiff states that reasonably prudent attorney would heed this Advisory Opinion and seek a court ruling before turning over a former client's records.  The Court disagrees that this Advisory Opinion is controlling or even relevant to the facts of this case.  After receiving the subpoena from defendants, plaintiff sent an email to defendant's counsel, but apparently did not otherwise try to contact the defendant to resolve the situation, seek an extension of time or try to obtain consent from his former clients to produce the requested files.  Instead plaintiff filed the Motion to Quash.  As noted above, the Motion to Quash was unsuccessful and plaintiff was ordered to produce the records which had originally been requested.  Now plaintiff is seeking compensation for filing this

unsuccessful motion. The Court does not believe as the unsuccessful party, he is entitled to any compensation for his preparation of that Motion. Additionally, plaintiff is also seeking to have the defendant pay for *all* of his time spent on this matter to date. The Court also does not find that plaintiff is entitled to bill the defendant for every single minute he spent on this matter. Rather, the Court Order stated that plaintiff would be entitled to the "reasonable costs" he incurred in responding to the subpoena, including copying and mailing costs. In Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 WL 700142 (W.D.Pa. Mar. 17, 2009), the Court stated that cost-shifting was frequently ordered in cases of third party subpoena requests. In that case, the party seeking the documents was required to pay for one-half of the costs of production of the documents. The Court found that such costs would include the cost of employee hours spent gathering the documents, but would not include any attorney hours spent on the case or on the document production. Id. at *5.

After reviewing plaintiff's itemized statement, the Court finds that plaintiff is entitled to $550.00 (2.75 hours x $200.00[1] per hour). Additionally, the court will allow plaintiff copying costs of .10 per page, plus the mailing expenses of $17.62. Therefore, the Court hereby **GRANTS IN PART** plaintiff's Motion for Attorney's Fees (Doc. # 5). Plaintiff is hereby awarded attorney fees and costs in the amount of $575.82.

Date:   05/07/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

---

[1]The Court recognizes that plaintiff charges his clients $350.00 an hour, but finds this rate excessive for simply copying documents.